# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

AGAPE HOSPICE CARE, INC.,

      Plaintiff and Counterclaim-Defendant,

      v.

HOSPICE CARE OF GEORGIA, LLC,

      Defendant and Counterclaim-Plaintiff.

Case No. 1:22-cv-927-VMC

Hon. Victoria M. Calvert

## DEFENDANT'S EMERGENCY MOTION TO PRECLUDE TESTIMONY OF RAY MANNA AT PRELIMINARY INJUNCTION HEARING, AND BRIEF IN SUPPORT

Defendant Hospice Care of Georgia, LLC ("ACG" or "Defendant") hereby moves the Court to immediately preclude the testimony of Ray Manna on behalf of Agape Hospice Care, Inc. ("Plaintiff") at the upcoming preliminary injunction hearing on September 28, 2022.

Plaintiff identified Mr. Manna for the first time late on the night of Tuesday, September 20, 2022. His website bio says that he is a professed expert in cyber related investigations; that he conducts work for law firms, including serving as an expert witness in litigation; and that he previously led the FBI's Philadelphia Regional Computer Forensic Laboratory. *See* Ex. 1 (StoneTurn website profile of Ray Manna).

Yet Plaintiff claims that Mr. Manna will testify only as a "fact witness" on the cryptic topic of "his research of Defendant." Ex. 2 (Email Chain between Counsel for Plaintiff and Counsel for ACG) at 5. Plaintiff refuses to provide an expert report or detailed statement of the facts upon which Mr. Manna will testify. Nor will Plaintiff agree to make Mr. Manna available for deposition prior to the hearing. Ex. 2 at 3.

For purposes of this motion, Mr. Manna should be treated as an expert from whom an expert report is overdue. Alternatively, if Mr. Manna is truly a fact witness, Plaintiff still should have at least *identified* him to Defendant previously. Either way, Plaintiff should have disclosed Mr. Manna sooner, so that Defendant could have at least taken his deposition and then conducted any necessary analysis and perhaps hired an expert of its own. Yet incredibly, Plaintiff *still* refuses to disclose the details of Mr. Manna's testimony.

 Plaintiff is engaged in trial by ambush and has now stonewalled to the point where Defendant cannot properly prepare to address Mr. Mann's unknown testimony at the hearing, which is only days away. This court is required to preclude Mr. Manna's testimony regardless of whether it is properly viewed as proposed expert testimony or proposed fact testimony. N.D. Ga. L.R. 26.2(C) specifically requires that expert witnesses be designated sufficiently early in discovery to allow the opposing party to depose them and name their own expert.

Parties who do not comply with that rule "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized." Similarly, pursuant to the Initial Disclosure requirements of Fed. R. Civ. P. 26, lay witnesses must be disclosed in time to give an opposing party sufficient time to take a deposition and otherwise determine how it will deal with the disclosure.  Plaintiff here has not only made late disclosures but refused to provide a report or deposition of its witness.

Defendant respectfully requests that the Court hold a telephonic hearing on this motion, or rule upon the motion without argument, at its earliest convenience, and if possible before Monday, September 26.  As Plaintiff has known for weeks, Defendant's lead counsel will be observing the religious holiday of Rosh Hashanah on Monday, September 26 and will be in transit to Atlanta on Tuesday, September 27.  Ex. 3 (Email chain between counsel for Plaintiff and counsel for ACG) at 3.  And in any event, Defendant is entitled to know before Monday whether the witness's testimony will be allowed, so that Defendant can try to make at least some preparation for an apparently major witness at the hearing.

## I.     BACKGROUND

Plaintiff filed its Complaint in this case on March 4, 2022.  On May 23, 2022, Plaintiff served its Initial Disclosures, which did not name Mr. Manna.  On

May 27, 2022, Plaintiff filed a preliminary injunction motion, but did not separately contact the Court to seek expedited treatment of the motion.  Ex. 3 at 1.

On September 12, 2022, the Court set the preliminary injunction hearing for September 28, 2022. Ex. 4 (Sept. 12, 2022 ECF Notice) at 1.  At 10:19 PM ET on September 20, 2022, counsel for Plaintiff identified its two witnesses for the hearing.  Ex. 2 at 5.  One witness had never been previously identified in any way by Plaintiff:  Ray Manna, partner at StoneTurn, who would "testify as to his research of Defendant."  *Id.*

The next morning, counsel for ACG emailed counsel for Plaintiff, noting that Plaintiff was apparently planning testimony by an expert (Mr. Manna). Defendant therefore requested production of an expert report and expert disclosures for Mr. Manna.  Ex. 2 at 5.  However, counsel for Plaintiff replied that Mr. Manna would be testifying as a fact witness and ignored Defendant's request for the report and disclosures.  Ex. 2 at 4.

Defendant continued to attempt to resolve the dispute amicably.  On September 22, Defendant asked that Plaintiff withdraw the witness, provide a detailed statement of facts to which he would testify, or provide the witness for a short virtual deposition.  Ex. 2 at 4.  Counsel for Plaintiff refused and later requested additional time to respond before Defendant looked to the Court for relief, which counsel for Defendant allowed.  Ex. 5 (Email chain between counsel

for Plaintiff and counsel for ACG) at 1. But then counsel for Plaintiff issued

another blanket refusal at approximately 7 p.m. ET on Thursday, September 22.

Ex. 2 at 1.

In that final email, counsel for Plaintiff claimed mysteriously that Mr.

Manna will testify about Defendant's "use of the accused mark" and alleged that

Defendant itself has access to the still-undescribed information. Ex. 2 at 1.

## II.    MR. MANNA SHOULD BE PRECLUDED FROM TESTIFYING

ACG cannot discern from Plaintiff's meager, vague descriptions what Mr.

Manna's testimony will be about, let alone the facts to which he will allegedly

testify. Indeed, Plaintiff admits that it refuses to disclose information regarding

Mr. Manna's testimony because it would reveal "Plaintiff's planning and strategy

for the upcoming hearing." Ex. 2 at 1. Because of this blatant gamesmanship,

ACG cannot properly prepare to address or rebut his testimony at the upcoming

hearing. Mr. Manna should be precluded from testifying. Alternatively, Plaintiff

should be ordered to either present Mr. Manna for a video deposition of two hours

by Sunday, September 25, 2022 at 10 a.m., or provide a report by then which

clearly discloses the detailed facts of Mr. Manna's expected testimony.

### A.    Plaintiff Failed to Designate Mr. Manna as An Expert, Let Alone Do So Early Enough in Discovery

N.D. Ga. L.R. 26.2(C) specifically requires that expert witnesses be

designated sufficiently early in discovery to allow the opposing party to depose

them and name their own expert.  Parties who do not comply with that rule "shall

not be permitted to offer the testimony of the party's expert, unless expressly

authorized":

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery. *Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized.*

*Id.* (emphasis added).

Similarly, the Federal Rules of Civil Procedure require that when a third

party is engaged to use his specialized expertise to conduct an investigation and

then testify about it, that witness must be treated as an expert and must provide a

report about it pursuant to Fed. R. Civ. P. 26.  *See McSweeney v. Kahn*, No. 4:05-

cv-0132-HLM, 2008 WL 6875018, at *6 (N.D. Ga. Aug. 6, 2008) (finding that

outside consultant hired to analyze an email using Microsoft Outlook was an

expert, and therefore precluded from testifying, because "[t]he average user of a

computer or of Microsoft Outlook would not have the expertise to conduct that

investigation"); *see also Loughlin v. Amerisave Mortgage Corp.*, No. 1:14-cv-

3497-LMM-LTW, 2018 WL 1896409, at *17 (N.D. Ga. Feb. 7, 2018), *report and

recommendation adopted*, 2018 WL 1887292 (Mar. 19, 2018) (precluding

testimony offered as lay testimony but properly viewed as expert testimony, because statements relying on "technical knowledge" are not lay statements but expert ones).  The purpose of this requirement of providing a report is to give the other party time to assess and determine strategy regarding next steps, including potentially the hiring of an opposing expert, before the evidence can be used.

Mr. Manna's bio says that he "leads all types of cyber related investigations" Ex. 1.  It is therefore highly unlikely that Plaintiff retained Mr. Manna for any topic other than his expertise in cybersecurity.  If Plaintiff were simply interested in, for example, running Google searches or accessing Defendant's public websites, Plaintiff's own administrative personnel or attorneys could do the job.  But Plaintiff felt the need to retain an expert with a 20-year forensic-investigation career with the FBI.  Ex. 1.  In other words, Plaintiff "found it necessary to hire Mr. [Manna], an outside witness, to use his expertise to investigate," as in *McSweeney.*

Therefore, Plaintiff should have designated Mr. Manna sooner and should have provided an expert report and all other disclosures required of experts under Fed.R.Civ.P. 26.  Given Plaintiff's refusal to do so, Plaintiff "shall not be permitted to offer the testimony" of Mr. Manna at the hearing.  N.D. Ga. L.R. 26.2(C).

### B.    Mr. Manna Is Alternatively an Undisclosed Fact Witness

Even if, as Plaintiff avers, Mr. Manna is not an expert witness but a fact witness, his testimony should still be precluded.

Fed. R. Civ. P. 26(a)(1)(E) requires parties to identify "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses…"  There is a continuing duty to supplement these disclosures. Fed. R. Civ. P. 26(e)(1).  Failure to do so, without identification of such individuals in some other way, prohibits a party from "using the undisclosed witnesses 'at trial, at a hearing, or on a motion,' unless the failure is harmless." *Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.*, No. 1:04-cv-2112-CAP, 2007 WL 4563875, at *2 (N.D. Ga. May 11, 2007) (citing Fed. R. Civ. P. 37(1)).

To determine if the failure is harmless, the Court considers (1) the importance of the testimony, (2) the reasons for the appellant's failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005).  In *Cooley*, the 11th Circuit affirmed the trial court's striking of affidavits from witnesses who had not been previously identified. *Id.*  The court found that the failure of the party who had submitted the affidavits to supplement its Rule 26 disclosures to identify the new witnesses required the striking of the affidavits. *Id.*

All of these factors weigh in favor of preclusion.  Plaintiff's failure is not harmless.

First, Mr. Manna's testimony is apparently quite important to Plaintiff's case.  Plaintiff is presenting only two witnesses at the hearing, one of whom is Mr. Manna.  And Mr. Manna's testimony is so important that, according to Plaintiff, disclosing its details would reveal Plaintiff's strategy of the case.  Ex. 2 at 1. Moreover, in correspondence yesterday, Plaintiff ignored Defendant's pointed request to advise as to the expected length of Mr. Manna's testimony, presumably because it will be of significant length.  Ex. 2 at 1-2.

Second, the reasons Plaintiff has given for its failure to disclose Mr. Manna sooner are spurious.  Plaintiff did not disclose him sufficiently promptly, because Plaintiff did not disclose him in time for Defendant to take his deposition and potentially hire a rebuttal expert or other witness.  Moreover, Plaintiff refused to provide a summary report detailing the facts to which Mr. Manna plans to testify, nor to make Mr. Manna available for deposition.  These failures and refusals by Plaintiff are pure gamesmanship, expressly intended to deny ACG the opportunity to learn the "facts."

Plaintiff also claims that Defendant itself made improper late disclosures of an investigator and a longtime employee who will testify briefly for defendant at the hearing.  However, Defendant's investigator will present only simple, very

brief testimony (perhaps ten minutes) confirming that various third parties using the Agape name are operational in Georgia. Ex. 2 at 2. Similarly, Defendant's longtime employee, Dee Dee Henderson, will testify only about the fact of her longtime employment with the organization under the AGAPE name. *Id.* That testimony will likely take under five minutes. Moreover, Defendant has clearly disclosed to Plaintiff the narrow topics for those witnesses.

Similarly, Plaintiff's claim that Defendant need not take discovery from Mr. Manna, because the witness's information is about Defendant, is groundless. Defendant does not know what information the witness will testify about, and so cannot attempt to get it from another source.

This case provides an even stronger case for preclusion than *Cooley.* In *Cooley,* the district court and 11th Circuit required preclusion even though the trial or hearing was not imminent. Here, the hearing is imminent and Plaintiff seeks extraordinary relief. Plaintiff is asking the Court to enter an injunction requiring the Defendant to stop using its name throughout Georgia. Preclusion of Mr. Manna's testimony is required.

## III.   CONCLUSION

ACG respectfully requests that the Court preclude the testimony of Mr. Ray Manna at the preliminary injunction in this case on September 28, 2022, and/or grant such other relief as the Court deems fit.

Dated: September 23, 2022

/s/ Peter L. Munk
Peter L. Munk
Georgia Bar No. 451809
Email: peter.munk@nelsonmullins.com
201 17th Street, N.W., Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Diane Siegel Danoff (*Pro Hac Vice*)
Daniel Roberts (*Pro Hac Vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
Fax: (215) 994-2222
diane.danoff@dechert.com
daniel.roberts@dechert.com

Jennifer Insley-Pruitt (*Pro Hac Vice*)
DECHERT LLP
Three Bryant Park
New York, New York 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
jennifer.insley-pruitt@dechert.com

*Attorneys for Defendant and*
*Counterclaim-Plaintiff*
*Hospice Care of Georgia, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that ***DEFENDANT'S EMERGENCY MOTION TO PRECLUDE TESTIMONY OF RAY MANNA AT PRELIMINARY INJUNCTION HEARING*** complies with the font and point selections approved by the Court in Local Rule 5.1C. The foregoing was prepared on computer using Times New Roman font (14 point).

Respectfully submitted this 23rd day of September, 2022.

*/s/ Peter L. Munk*
Peter L. Munk
Georgia Bar No. 451809

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AGAPE HOSPICE CARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v.                              ) | |
| ) | NO. 1:22-cv-00927-WMR |
| HOSPICE CARE OF GEORGIA, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing

***DEFENDANT'S EMERGENCY MOTION TO PRECLUDE TESTIMONY OF***

***RAY MANNA AT PRELIMINARY INJUNCTION HEARING*** was electronically

filed via CM/ECF, which will automatically send a copy to counsel of record.

This 23rd day of September, 2022.

*/s/ Peter L. Munk*
Peter L. Munk
Georgia Bar No. 451809
Email: peter.munk@nelsonmullins.com
201 17th Street, N.W., Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Diane Siegel Danoff (*Pro Hac Vice*)
Daniel Roberts (*Pro Hac Vice*)

DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
Fax: (215) 994-2222
diane.danoff@dechert.com
daniel.roberts@dechert.com

Jennifer Insley-Pruitt (*Pro Hac Vice*)
DECHERT LLP
Three Bryant Park
New York, New York 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
jennifer.insley-pruitt@dechert.com

*Attorneys for Defendant and*
*Counterclaim-Plaintiff*
*Hospice Care of Georgia, LLC*